OPINION
{¶ 1} Kevin R. White appeals from the judgment of the Ashtabula County Court of Common Pleas, based on a jury verdict, finding him guilty of trafficking in drugs, and sentencing him to two years of community control. We affirm.
 {¶ 2} November 29, 2004, shortly after 6:00 p.m., Patrolman Thomas Perry of the city of Ashtabula Police Department responded to a complaint of loud music and drug activity around Altman Court in Bonniewood, a property of the Ashtabula Metropolitan Housing Authority notable for the high incidence of drug activity. As Patrolman Perry's cruiser approached, he did not hear any loud music, but did notice Mr. White walking away at a fast pace. Patrolman Perry recognized Mr. White from previous field interviews where he had stopped and searched Mr. White for drugs, without success.[1]
 {¶ 3} Patrolman Perry called out to Mr. White to stop two or three times. Mr. White eventually complied. As he did so, Patrolman Perry noticed Mr. White dropping some items on the ground. Patrolman Perry had Mr. White place his hands on the police cruiser, and wait with a backup officer. Patrolman Perry then recovered the items dropped by Mr. White, which the patrolman identified as four baggies of, most probably, marijuana. Patrolman Perry identified the packaging as typical of the way in which local drug dealers' package marijuana for sale. Mr. White was arrested and transported to the Ashtabula City jail. Upon being searched, $50.26 was found upon him. As Mr. White seems to have been unemployed for some time, the police believed this money was the proceeds of drug sales.
 {¶ 4} March 18, 2005, Mr. White was indicted by the grand jury for Ashtabula County for trafficking in drugs, in violation of R.C. 2925.03, a felony of the fifth degree, with a forfeiture specification regarding the money found on him. May 6, 2005, Mr. White pled not guilty.
 {¶ 5} Jury trial was held August 2, 2005. Patrolman Perry testified for the state; a report from the Bureau of Criminal Identification and Investigation confirmed that the substance in the four baggies was marijuana.
 {¶ 6} Mr. White testified on his own behalf. He claimed to have seen the police arriving in the area before exiting the building where he was visiting. He stated that he always walks fast; and, that his initial refusal to stop for Patrolman Perry simply resulted from his fatigue at being harassed by the police. He denied owning or dropping the baggies of marijuana.
 {¶ 7} The jury returned a verdict against Mr. White the day of trial.[2] October 28, 2005, sentencing hearing was held. October 31, 2005, the trial court filed its judgment entry of sentence, sentencing Mr. White to two years community control. November 22, 2005, Mr. White timely noticed this appeal, assigning one error:
 {¶ 8} "The conviction of drug trafficking was against the manifest weight of the evidence."
 {¶ 9} In support of this assignment of error Mr. White makes three principal arguments. First, he notes his own testimony that he spotted the police before exiting the building he was in, and posits that a jury could not reasonably believe he would do this, while possessing marijuana. Second, he attacks the credibility of Patrolman Perry, on the following bases: (1) the patrolman had, admittedly, stopped him before, without finding drugs; and, (2) the patrolman admitted on cross examination that Mr. White denied ownership of the marijuana baggies, having previously asserted that no such denial was made. Third, Mr. White suggests the only reasonable explanation of the baggies is that the real owner dropped them on spotting the police cruiser, and that he — by malevolent fate — heeded Patrolman Perry's order to stop right next to where they fell.
 {¶ 10} R.C. 2925.03 provides, in pertinent part:
 {¶ 11} "(A) No person shall knowingly do any of the following:
 {¶ 12} "* * *
 {¶ 13} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."
 {¶ 14} When reviewing a claim that a judgment was against the manifest weight of the evidence, an appellate court must review the entire record, weigh both the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that a new trial must be ordered.State v. Martin (1983), 20 Ohio App.3d 172, 175. See, also, State v.Thompkins (1997) 78 Ohio St.3d 380, 387.
 {¶ 15} "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. The role of the appellate court is to engage in a limited weighing of the evidence introduced at trial in order to determine whether the state appropriately carried its burden of persuasion. at 390 (Cook, J., concurring). The reviewing court must defer to the factual findings of the trier of fact as to the weight to be given the evidence and the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 16} When assessing witness credibility, "[t]he choice between credible witnesses and their conflicting testimony rests solely with the finder of fact and an appellate court may not substitute its own judgment for that of the finder of fact." State v. Awan (1986),22 Ohio St.3d 120, 123. "Indeed, the factfinder is free to believe all, part, or none of the testimony of each witness appearing before it." Warren v.Simpson (Mar. 17, 2000), 11th Dist. No. 98-T-0183, 2000 Ohio App. LEXIS 1073, at 8. Furthermore, if the evidence is susceptible to more than one interpretation, a reviewing court must interpret it in a manner consistent with the verdict. Id.
 {¶ 17} Application of the foregoing principles to Mr. White's arguments establishes that he has not met his burden on appeal. The jury was free to discount his uncorroborated testimony that he spotted the police cruiser before exiting the building he was in. Awan at 123. The jury was free to believe Patrolman Perry's testimony, despite the patrolman's (previously) unproven suspicion that Mr. White might be involved in drug activities, and his initial failure to recall Mr. White's denial that the marijuana baggies were his. Id. Consequently, the jury was free to believe that Mr. White had the baggies in his possession; dropped them on spotting the police; and, that baggies are a typical packaging for the retail of marijuana. Id.
 {¶ 18} The assignment of error is without merit. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
CYNTHIA WESTCOTT RICE, J., concurs,
DIANE V. GRENDELL, J., concurs in judgment only.
[1] In his trial testimony, Mr. White claimed as many as forty stops by Patrolman Perry.
[2] The verdict was directed solely to the drug trafficking charge. The trial court refused to submit the forfeiture specification to the jury due to the state's failure to produce the money seized at trial.